An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JONATHAN COURTRIGHT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60958

FILED

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of felon in possession of a firearm. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

First, appellant Jonathan Courtright contends that insufficient evidence supports his conviction. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). At trial, multiple police officers testified that they saw Courtright make a furtive movement as if to conceal something as they pulled up to the vehicle that he was driving. When Courtright exited the vehicle, officers saw a firearm jutting out from beneath his seat. Officers also saw Courtright remove a fabric holster from his waist and attempt to conceal it; the firearm fit neatly inside the holster. And testimony indicated that Courtright was a convicted felon. We conclude that the jury could reasonably infer from the evidence

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21431

presented that Courtright was guilty of the charged crime, *see* NRS 202.360, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Next, Courtright contends that the prosecutor distorted the fact-finding process by intentionally causing a defense witness, who was prepared to testify that the firearm in question was his, to invoke his right not to incriminate himself. Because Courtright did not object contemporaneously at trial we review for plain error affecting his substantial rights. *See Valdez v. State*, 124 Nev. 1172, 1191, 196 P.3d 465, 478 (2008); *United States v. Jaeger*, 538 F.3d 1227, 1230-31 (9th Cir. 2008). Here, after the witness indicated that he planned on incriminating himself, the prosecutor and the district court canvassed him regarding his right not to do so and the penalties that he faced by admitting possession of the firearm. Defense counsel did not object, and instead suggested that the witness confer with independent counsel. After speaking with counsel the witness opted to invoke his right not to incriminate himself. We conclude that the prosecutor did not distort the fact-finding process. *See United States v. Vavages*, 151 F.3d 1185, 1189 (9th Cir. 1998) (a prosecutor commits misconduct if she "employs coercive or intimidating language or tactics that substantially interfere with a defense witness' decision whether to testify"); *United States v. Santiago-Becerril*, 130 F.3d 11, 23-26 (1st Cir. 1997) (concluding that no misconduct occurred where, despite "forceful" warnings regarding the right not to testify and potential

prosecution for perjury, the judge reminded the witness that she could testify if she chose and provided independent counsel to advise her).

Having considered Courtright's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Joanna Kishner, District Judge
        Carl E. G. Arnold
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk